## BARR v. PATRICK.

1. **Tax Sale**: CONFLICTING CLAIMS TO LAND: RECOVERY OF MONEY PAID
   TO REDEEM. Where defendant was the owner of land, subject to a ven-
   dor's lien, of which he had notice, but which was not a personal demand
   against him, and he allowed the land to be sold for taxes and afterwards
   to be sold on special execution in satisfaction of the vendor's lien, and
   the holder of the vendor's lien became the purchaser at the execution sale,
   and afterwards redeemed the land from the tax sales, *held*, that he could
   not maintain an action against the defendant to recover the money paid
   by him to redeem from the tax sales.

*Appeal from Buchanan Circuit Court.*

FRIDAY, JUNE 16,

THE petition in this case avers in substance that the defend-
ant was the owner of a certain tract of real estate, and that
while such owner he neglected to pay the taxes thereon for
several years, and that the same was sold at tax sales; that
during the time the defendant was such owner there was a
vendor's lien against the same, which lien became the property
of the plaintiff; that said lien was created by one Hallett
in favor of Hugh Barr, and was not a personal claim against
the defendant, but of which defendant had full knowledge;
that the vendor's lien was duly established in an action be-
tween the parties hereto, and the premises were sold on spe-
cial execution to the plaintiff on March 6, 1880; that on the
30th day of April, 1881, the plaintiff redeemed from the tax
sales, and demands a personal judgment against the defendant
for the amount he paid in redemption. There was a demur-
rer to the petition which was sustained. The plaintiff failed
to plead over, judgment was rendered against him, and he ap-
peals.

*C. Ransier* and *H. W. Holman*, for appellant.

*Lake & Harmon*, for appellee.

ROTHROCK, J.—It is unnecessary to set out the grounds of the demurrer at length. They were to the effect that the defendant being the owner had the right to allow his land to be sold for taxes, and that as the vendor's lien was not a personal claim against defendant, but was superior to the claim of defendant, he had the right to cease paying taxes and allow the land to be taken in satisfaction of the vendor's lien.

We are unable to conceive any principle, legal or equitable, upon which this action can be sustained. The plaintiff and defendant had conflicting claims or liens upon the land. The plaintiff's rights were adjudged to be superior to the defendant's title, right, or claim. See 52 Iowa, 704. In pursuance of said adjudication, and without redeeming from the tax sales and asking that the amount paid by him be included in the decree, the plaintiff caused the land to be sold with the lien of the tax sales upon it, became the purchaser himself, and afterwards redeemed from the sales, and seeks to recover the amount paid in a personal action against the defendant. We think his claim to recover may be answered by the single consideration that when this property was offered at execution sale, whoever bid, did so upon the theory that the taxes were a lien and bid that much less than he would have given otherwise for the land. Besides there is no privity between these parties.

It is true as claimed by appellant that the owner of the land is personally liable for taxes thereon. But in this case the taxes were paid by the sale of the land, and we know of no principle by which a third person may redeem from the sale and sue the owner for the amount paid to redeem. The cases which hold that where a tax title is held invalid the holder thereof is nevertheless entitled to recover for the taxes paid by him, proceeds upon the ground that the owner is permitted to recover or retain his land by performing the duty which equity demands of him, which is the payment of taxes on the land.

But that rule can have no application where two parties

have a legal contest over their respective rights to the land, and where the successful party seeks to recover taxes which the other neglected to pay, or, it may be, purposely omitted to pay, upon the ground that he expected to lose the land. In such case there is no such privity between the parties that one can recover from the other, on account of taxes upon the property.

AFFIRMED.